IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONIO PERKINS,                          )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )
                                          )
SHERIFF MICHAEL SHEAHAN,                  )    No. 03 C 8534
DIRECTOR JOHN MAUL, ASSISTANT             )
DIRECTOR MARCUS LYLES,                    )    Judge Ronald A. Guzmán
SUPERINTENDENT MICHAEL HOLMES,            )
LIEUTENANT ROSARIO, SERGEANT              )
POWERS, SERGEANT PANAWA,                  )
SERGEANT HORAN, SERGEANT AURENZ,          )
R/O POTEMPA, R/O TORRES, R/O THOMAS,      )
R/O BAILEY and COOK COUNTY,               )
                                          )
          Defendants.                     )

## MEMORANDUM OPINION AND ORDER

Antonio Perkins, proceeding *pro se*, has sued defendants pursuant to 42 U.S.C. § ("section") 1983 for their alleged violations of his Eighth, First and Fourteenth Amendment rights. Defendants Sheahan, Maul, Lyles, Holmes, Rosario, Powers, Panawa, Horan, Potempa, Thomas and Bailey have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the claims asserted against them in the first amended complaint.[1] For the reasons set forth below, the motion is granted in part and denied in part.

---

[1] Defendants Aurenz, Torres and Cook County do not join in the motion because they have not been served. Because more than 120 days have passed since they were named as defendants, the Court dismisses the claims plaintiff asserts against them pursuant to Rule 4(m).

## Facts

On April 9, 2003, plaintiff was incarcerated at the Cook County Department of Corrections ("CCDOC"), the employer of all of the defendants. (First Am. Compl. ¶ 9.) On that day, while he was showering, plaintiff had an argument with Potempa. (*Id.*) The argument culminated in plaintiff being beaten by Potempa, Torres, Powers, Panawa, Thomas, Rosario and Aurenz. (*Id.*)

On April 11, 2003, plaintiff was again beaten, this time by Bailey and Thomas. Horan knew his colleagues were beating plaintiff but did nothing to stop them. (*Id.* ¶ 12.)

From September 2002 through May 2003, plaintiff and all other inmates in division II, units A-G and A-H were denied any recreation. (*Id.* ¶ 14.) Moreover, plaintiff was given no clean clothes or bed linen for the entire month of May 2003. (*Id.* ¶ 17.)

Plaintiff alleges that he repeatedly asked for grievance forms but was told there were none available. (*Id.* ¶ 14.) Plaintiff, nonetheless, managed to file eleven grievances, only one of which was ever answered. (*Id.* ¶ 15.)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Defendants say that plaintiff's claims must be dismissed because he failed to comply with the Prisoner Litigation Reform Act ("PLRA"). That statute requires prisoners to exhaust "such administrative remedies as are available" before filing a section 1983 suit. 42 U.S.C. § 1997e(a).

Though plaintiff does not explicitly allege that he filed grievances on each of his claims, that is a reasonable inference that can be drawn from his first amended complaint. (*See* First Am. Compl. ¶ 15 (alleging that he filed eleven grievances).) All but one of those grievances, plaintiff alleges, were ignored by CCDOC officials. (*Id.*) Because he pursued the CCDOC's administrative procedures as far as he could, plaintiff contends that he has satisfied the exhaustion requirement.

Defendants say the jail officials' alleged inaction does not excuse plaintiff from the exhaustion requirement. In their view, detainees are required to pursue administrative procedures, even if the relief they seek is unavailable administratively. While that is true, *see Booth v. Churner*, 532 U.S. 731, 741 (2001) (stating that PLRA mandates exhaustion "regardless of the relief offered through administrative procedures"), it is also irrelevant. Plaintiff is not making a futility argument. Rather, he claims that he was *prevented* from exhausting his remedies by the jail officials' refusal to provide forms to him and otherwise participate in the process. In such cases, our court of appeals has said, administrative remedies are unavailable and the exhaustion requirement is met. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) ("[W]e refuse to interpret the PLRA so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances.") (internal quotation marks, alterations and citation omitted). Because it is reasonable to infer that plaintiff exhausted the administrative remedies that were available to him, defendants' motion to dismiss for failure to comply with the PLRA is denied.

Even if they are not procedurally barred, defendants contend that the claims asserted against Sheahan, Maul, Lyles and Holmes must still be dismissed because they are substantively infirm. In Count III, plaintiff asserts official capacity claims against these defendants for violating his Eighth Amendment rights by refusing to provide him with clean clothes and linen and violating his First and Fourteenth Amendment rights by hindering him from filing his civil rights claims. (*See* First Am.

Compl. ¶¶ 25-27.) In Count IV, incorrectly labeled Count VI, plaintiff apparently asserts individual capacity claims against these defendants for the same conduct.[2] (*See id.* ¶¶ 28-29.) Defendants contend that plaintiff has not alleged the elements required for either kind of claim.

An official capacity claim against a government official is really just a claim against the entity that employs him, in this case, Cook County. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Cook County can be held liable under section 1983 only if it deprived plaintiff of his constitutional rights pursuant to one of its policies, customs or practices. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiff can allege a policy within the meaning of *Monell* by: 1) identifying an express policy that caused the alleged constitutional violation; 2) alleging the existence of a practice so widespread and permanent that it constitutes a custom or usage; or 3) alleging that his injuries were caused by a person with final policy-making authority. *Baxter ex rel. Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994).

Plaintiff opted for the second route. He alleges that the County regularly denied inmates clean linen and prevented them from filing grievances. Though conclusory, those allegations sufficiently allege a "policy" within the meaning of *Monell*. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) ("A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts."); *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000) (stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

Even if the County did deny inmates clean linen, defendants say that the practice did not violate plaintiff's Eighth Amendment rights. Plaintiff's rights were violated only if he suffered a serious

---

[2]Plaintiff also asserts Eighth Amendment claims against these defendants for denying him recreation from September 2002 through May 2003. (*See* First Am. Compl. ¶¶ 14, 25.) Because defendants do not address these claims, however, neither do we.

4

deprivation and defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A deprivation is serious within the meaning of *Farmer* only if it denies the inmate "the minimal civilized measure of life's necessities." *Id.* (internal quotation marks and citation omitted). Defendants contend that a thirty-day denial of clean linen is not a serious deprivation within the meaning of *Farmer*.

The Court agrees. Being denied clean clothes and bedding for thirty days, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim. *See, e.g., Moss v. DeTella*, No. 96 C 5398, 1997 WL 24745, at *2 (N.D. Ill. Jan. 16, 1997) (holding that lack of clean clothes and bedding for 111 days did "not rise to the level of a constitutional violation"); *Coughlin v. Sheahan*, No. 94 C 2863, 1995 WL 12255, at *3 (N.D. Ill. Jan. 12, 1995) (allegation that prisoner was provided only one change of clothing in a three-month period did not support Eighth Amendment claim). Thus, any Eighth Amendment claim based on the lack of clean clothing and bedding must be dismissed.

Plaintiff's access to court claims suffer the same fate. "Prisoners have a constitutional right of access to the courts that, by necessity, includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state a claim for violation of that right, plaintiff must allege that "prison officials failed to assist in the preparation and filing of meaningful legal papers" and that he suffered "some quantum of detriment" as a result. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (internal quotation marks and citation omitted). Plaintiff has alleged the former element, (*see* First Am. Compl. ¶¶ 14, 26-27), but not the latter. Because plaintiff has not alleged that defendants' conduct prevented him from filing, caused the dismissal of, or otherwise impeded him from pursuing his civil rights claims, he has not stated a claim for violation of his right of court access. *See Lehn*, 364 F.3d at 868

(stating that right of access claim is viable only if prisoner shows that he was "hampered [in his] pursuit of a legal claim").[3]

## Conclusion

For the reasons stated above, defendants' Rule 12(b)(6) motion to dismiss the First Amended Complaint [doc. no. 28] is granted in part and denied in part. The motion is granted as to: (1) the Eighth Amendment claims plaintiff asserts against defendants Sheahan, Maul, Lyles and Holmes in Counts III and IV that are based on the denial of clean clothes and linen, which are dismissed with prejudice; (2) the denial of access to court claims that plaintiff asserts against defendants Sheahan, Maul, Lyles and Holmes in Counts III and IV, which are dismissed without prejudice. In all other respects, the motion is denied. The Court also dismisses without prejudice any claims plaintiff asserts against defendants Aurenz, Torres and Cook County, pursuant to Rule 4(m). Plaintiff's motion for appointment of counsel [doc. no. 31] is granted.

**SO ORDERED**      **ENTERED:** 5/10/05

HON. RONALD A. GUZMAN
**United States District Judge**

---

[3]Even if plaintiff had alleged the requisite injury, his personal capacity claims would still have to be dismissed. A government official can be held personally liable under section 1983 only if he "caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation marks and citation omitted). Plaintiff does not allege that Sheahan, Maul, Lyles or Holmes personally obstructed his grievance filing efforts, that they directed others to do so or that they condoned that kind of conduct. Absent such allegations, his First and Fourteenth Amendment personal capacity claims cannot stand.